```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                              *
NARESH MIRCHANDANI and
CHERYELONA MIRCHANDANI        *
        Plaintiffs,
                              *
v.                                 Civil Action No. BPG-04-1099
                              *

HOME DEPOT U.S.A., INC., et al.*
        Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM OPINION

Plaintiff Naresh Mirchandani ("plaintiff") suffered a broken leg and other alleged injuries on December 9, 2001 when he fell from a ladder while clearing his home's gutters. (Paper No. 150 at 1). Plaintiffs claim that they purchased the ladder at a retail outlet of defendant Home Depot U.S.A. ("Home Depot"). Id. Plaintiffs further claim that the accident was the result of a defective hinge on the ladder, of which Home Depot was actually or constructively aware prior to plaintiff's accident. Id. at 6-12. Plaintiffs initially sued Home Depot and the ladder's manufacturer, Krause, Inc., in the Circuit Court for Baltimore City, Maryland. Home Depot removed the action to this court, and the case was referred to the undersigned on June 10, 2004 for all proceedings with consent of the parties pursuant to 28 U.S.C. §636(c).

Discovery has been completed. Currently pending are the

following:  Motion for Summary Judgment of Defendant Home Depot U.S.A., Inc., Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment of Defendant Home Depot U.S.A., Inc., Home Depot U.S.A., Inc.'s Reply to Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment, Plaintiffs' Motion to Allow Filing of Deposition in Opposition to Motion for Summary Judgment, Opposition to Plaintiffs' Motion to Allow Filing of Deposition, and Plaintiffs' Reply Memorandum in Support of Their Motion to Allow Filing of Deposition (Paper Nos. 149, 150, 151, 153, 163, 172).

In its Motion for Summary Judgment, Home Depot asserts that its circumstances in the present case meet the requirements of Maryland's "sealed container defense." Md. Code Ann. Cts. & Jud. Proc. §5-405(b).  The court held a hearing regarding the summary judgment motion (and other motions) on January 8, 2007.  For the reasons discussed below, the court concludes that there are genuine issues of material fact and that Home Depot's motion must be denied.

I. Discussion

   A. The Summary Judgment Standard

Summary judgment must be granted if, after an adequate time for discovery, "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed.

R. Civ. P. 56 (c).  A genuine issue remains if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party.  Id. at 255.

    B.   The Sealed Container Defense

The sealed container defense provides that a seller of a product may avoid liability for property damage or personal injury allegedly caused by the defective design or manufacture of a product if it can establish that:

> (1) The product was acquired and then sold or leased by the seller in a sealed container or in an unaltered form;
>
> (2) The seller had no knowledge of the defect;
>
> (3) The seller in the performance of the duties he performed or while the product was in his possession could not have discovered the defect while exercising reasonable care;
>
> (4) The seller did not manufacture, produce, design, or designate the specifications for the product which conduct was the proximate and substantial cause of the claimant's injury; and
>
> (5) The seller did not alter, modify, assemble, or mishandle the product while in the seller's possession in a manner which was the proximate and substantial cause of the claimant's injury.

Md. Code Ann. Cts. & Jud. Proc. §5-405(b).

The sealed container defense is unavailable if any of the following exceptions apply:

>(1) The manufacturer is not subject to service of process under the laws of this State or the Maryland Rules;
>
>(2) The manufacturer has been judicially declared insolvent in that the manufacturer is unable to pay its debts as they become due in the ordinary course of business;
>
>(3) The court determines by clear and convincing evidence that the claimant would be unable to enforce a judgment against the product manufacturer;
>
>(4) The claimant is unable to identify the manufacturer;
>
>(5) The manufacturer is otherwise immune from suit; or
>
>(6) The seller made any express warranties, the breach of which were the proximate and substantial cause of the claimant's injury.

Md. Code Ann. Cts. & Jud. Proc. §5-405(c).

In this case, plaintiffs oppose Home Depot's Motion for Summary Judgment on two grounds: (1) that Home Depot cannot satisfy the second and third elements of the sealed container defense in that Home Depot either had actual knowledge of the alleged defect, or could have discovered the defect while exercising reasonable care; and (2) that the sealed container defense is unavailable to Home Depot because the circumstances set forth in exception two noted above apply in that the manufacturer, Krause, Inc. is insolvent.  (Paper No. 150 at 3-14).

      1.   <u>Home Depot's Knowledge of the Alleged Defect</u>

4

As to the first argument, plaintiffs offer two categories of evidence to show Home Depot's knowledge of the ladder's allegedly defective condition: 1) evidence of customer complaints of ladder collapses; and 2) evidence that Home Depot participated in a recall of certain Krause ladders (not including plaintiff's ladder) instituted because of a defect in those ladders.  Home Depot counters that the evidence of other accidents and the recall do not establish that it, as a mere retail seller, had actual or constructive knowledge of a latent defect such as the one alleged here.[1]  In particular, Home Depot asserts that it did not assemble, use, or test the ladders prior to the sale of the ladders to the public and, accordingly, would not have been aware of any defect unless it was plainly visible or evident without unwrapping and using the ladder.  (Paper No. 149, Exh. A).

---

[1] Defendants have asserted that the court should not consider the recall and other accidents evidence on the grounds that the documents submitted by plaintiffs lack foundation. (Paper No. 151 at 12-14).  In response, plaintiffs filed a Motion to Allow Filing of Deposition in Opposition to Motion for Summary Judgment seeking to supplement the record with an affidavit obtained in the course of other litigation against Home Depot concerning the collapse of a Krause ladder.  (Paper No. 153). The court is of the view that a complete record is desirable and, therefore, will grant plaintiffs' Motion to Allow Filing of Deposition in Opposition to Motion for Summary Judgment.  See Good News Club v. Milford Central Sch., 533 U.S. 98, 129-30 (Breyer, J., concurring in part)(indicating that parties "should have a fair opportunity to fill [an] evidentiary gap" in the summary judgment record in light of Fed. R. Civ. P. 56(c) & (f)). The court finds that there is an adequate evidentiary foundation for the recall and other accidents evidence so as to consider this evidence in the context of the pending motion.

The parties in this case appear to agree that the alleged defect in plaintiffs' ladder is latent in nature. Home Depot notes that a retailer should not be obliged to conduct independent inspection and testing of its inventory in order to meet the standard of "reasonable care" found in the sealed container defense. <u>See</u> <u>Restatement (Second) of Torts</u>,§402 comment d (1965)("The burden on the seller of requiring him to inspect chattels which he reasonably believes to be free from hidden dangers outweighs the magnitude of risk that a particular chattel may be dangerously defective."). Contrary to Home Depot's view, however, the source of its potential knowledge of a defect is not limited to its own inspection or testing of the ladder. Here, plaintiffs argue that notice of a recall of a similar product by the same manufacturer, coupled with the receipt of complaints about the product before and after the recall, could have put Home Depot on notice of a problem with the product. (Paper No. 150 at 9-10).

As to the recall, the evidence offered by plaintiffs shows that prior to the sale of the ladder to plaintiff, Home Depot participated in a recall of certain defective Krause MultiMatic ladders, which admittedly did not include plaintiff's ladder. (Paper No. 150, Ex. 3,4, and 5).[2] Home Depot challenges the

---

[2] MultiMatic ladders are articulating ladders that can be set up in a variety of configurations (<u>e.g</u>., scaffold, step ladder, extension ladder). (Paper No. 150 at 2). Krause first

recall evidence as irrelevant to notice of a defect in the ladder at issue here which contains zinc locking bolts, as opposed to the ladders with steel locking bolts, which were the ladders subject to the recall. (Paper No. 151 at 11-12). Plaintiffs counter this argument by asserting that their expert has opined that all of the MultiMatic ladders suffered from a defective hinge design, regardless of the composition of the bolt. (Paper No. 150, Exh. 6). Therefore, plaintiffs argue that the recall evidence is highly relevant to the issue of Home Depot's notice of a defect because the defect existed in all ladders, recalled or not.[3]

It is true that Home Depot did not have knowledge of plaintiffs' expert's opinion at the time of the recall and that this evidence, by itself, might not create an issue of fact as to

---

manufactured these ladders with locking bolts made from zinc and then switched to steel from the beginning of December, 1997 until May 21, 1998. (Paper No. 164, Exh. 1 at 8). When Krause became aware of increased consumer complaints alleging collapse of the steel bolt ladders during normal use, it initiated a recall of the steel bolt ladders, and returned to the zinc bolt technology. Id. This recall was communicated to retailers during the week of June 24, 1998. (Paper No. 150, Exh. 4). Plaintiff was injured while using a zinc bolt ladder, manufactured on August 21 or 22 of 1995, which he claims he purchased at a Home Depot retail outlet in late 2000. (Paper No. 157 at 1-2). Thus, the ladder in question was not subject to the recall and was purchased more than one year after the recall.

[3] See Hessen v. Allstate Ins. Co., 915 F.2d 641, 648-49 (11th Cir. 1990)(trial court did not abuse its discretion in admitting evidence of a recall where the product at issue was not subject to the recall, but plaintiffs alleged a defect common to recalled and non-recalled products).

Home Depot's knowledge of a defect.  The recall evidence, however, does not stand alone.  It must be considered together with the evidence of continued complaints of ladder collapses after the recall.[4]

Plaintiffs have offered evidence of some 197 complaints concerning Krause ladders in the form of voluminous documents submitted to the court.  (Paper No. 150 at 3 and Exh. 1). Plaintiffs have also submitted a chart of cases from the Home Depot Claims File.  (Paper No. 150 at Exh. 1A).  Plaintiffs allege the chart lists 83 accidents that make specific reference to Krause ladders collapsing.  (Paper No. 150 at 10 and Exh. 1A). Plaintiffs maintain that all of these complaints are relevant to the question of Home Depot's knowledge of the defect.  Defendants challenge the evidence of the other accidents, maintaining that it is highly prejudicial and that plaintiffs have not established, as they must, that the each of the other accidents is "substantially similar" to the accident at issue in the present case.  (Paper No. 151 at 11).

Where a party seeks to introduce evidence of other accidents, he "must present a factual foundation for the court to determine that the other accidents were 'substantially similar'

---

[4] Plaintiffs have also offered evidence of ladder collapses prior to the recall which the court does not here consider, given the court's conclusion that genuine issues of material fact exist on the basis of complaints that were made after the recall, as to knowledge of problems with non-recall ladders.

8

to the accident at issue." Buckman v. Bombardier Corp., 893 F.Supp. 547, 552 (E.D.N.C. 1995). Where a party offers evidence of prior accidents solely to prove notice, however, "[t]he incidents need only be sufficiently similar to make the defendant aware of the dangerous situation." Benedi v. McNeil-P.P.C., Inc., 66 F.3d 1378, 1386 (4th Cir. 1995).

As noted at the hearing on the pending motion, the court cannot conclude, based on plaintiffs' submission, that each and every one of the other accidents offered by plaintiffs satisfies the relaxed "substantial similarity" test. A cursory review of plaintiffs' submission, however, reveals the presence of some accidents which appear to satisfy the standard and which, in the court's view, raise factual issues as to Home Depot's notice of a defect.[5]

For example, Home Depot was served with a complaint filed on October 8, 2000 in the Massachusetts Superior Court, Essex County, by Samuel J. Bonnell, alleging that while using a MultiMatic ladder he purchased on January 11, 2000, approximately a year and a half after the recall, "the ladder hinge unlocked causing one section of the ladder to collapse," resulting in his injury. (Paper No. 150, Exh. 1, Bates Stamp HDSB00041 at 2). In another instance, a complaint was filed by James Waters against

---

[5] Reference to specific prior accidents are not deemed evidentiary rulings applicable to the trial of this case.

Home Depot and Krause in the Superior Court of California, County of Alameda.[6]  The complaint alleged that he was injured when "the ladder collapsed" while the ladder was "being used in the manner intended by the defendants." (Paper No. 150, Exh. 1, Bates Stamp HDJWA00116-19, HDJWA00135).

When viewed collectively, the recall and other accident evidence offered by plaintiffs, generates issues of material fact as to Home Depot's knowledge of a defect in the ladders subject to the recall, knowledge that the defective ladders were recalled, and knowledge that, although Krause claimed to have cured the defect, other accidents continued to be reported to Home Depot after the recall.  The sealed container defense does not apply where the seller could have discovered the defect by "exercising reasonable care" while the product was in the seller's possession.  When all of the evidence offered by plaintiffs is viewed in the light most favorable to plaintiffs, there are genuine issues of material fact as to whether Home Depot could have discovered a defect in the ladder at issue in this case, the third element of the sealed container defense.

    2.   <u>Insolvency of the Manufacturer, Krause, Inc.</u>

Even if defendants were able to satisfy each of the five

---

[6] Although this complaint does not reflect a filing date, an internal Home Depot report shows that notice of the summons and complaint were "called in" to Home Depot on November 29, 1999, a date after the recall but before plaintiffs purchased their ladder.  (Paper No. 150, Exh. 1, Bates Stamp HDJWA00059)

10

elements of the sealed container defense, the defense is unavailable if the "manufacturer has been declared judicially insolvent in that the manufacturer is unable to pay its debts as they become due in the ordinary course of business."  Md. Code Ann., Cts. and Jud. Proc. §5-405(c)(2).  Plaintiffs maintain that the manufacturer, Krause, Inc., fails this test and, therefore, the statutory defense is not available to the retail seller, Home Depot.  In support of their argument, plaintiffs rely on the fact that Krause filed bankruptcy proceedings on June 13, 2000 in the United States Bankruptcy Court for the Northern District of Illinois, Docket No. 00-71919.  Upon motion of a committee of creditors that alleged that "all of the operating assets and inventory of the Debtor have been sold",  the Bankruptcy Court converted the bankruptcy from a reorganization case under Chapter Eleven to a liquidation case under Chapter Seven, 11 U.S.C. §701 et seq. (Paper No. 150, Exhs. 8 and 9).  Plaintiffs argue that the effect of the Bankruptcy Court's order is that Krause has been declared insolvent and cannot pay its debts as they become due in the ordinary course of business.

In response, Home Depot maintains that there has been no specific "judicial declaration of insolvency," apparently arguing that the conversion of Krause to a Chapter 7 bankruptcy does not constitute the same.  Home Depot's primary argument, however, is that plaintiffs have not been deprived of legal redress because

11

they were able to lift the stay of the bankruptcy proceedings by agreeing to limit their recovery against the manufacturer to the limits of any insurance coverage.  Home Depot has calculated what they believe to be plaintiffs' best damage scenario and notes that the available insurance exceeds the amount of any judgment that plaintiffs might expect to obtain.  Because of the availability of insurance to satisfy any judgment, Home Depot concludes that the plaintiff has full legal redress against the manufacturer and that the statutory purpose behind the exceptions to the sealed container defense are served under the circumstances of this case.

The court concludes that there are genuine issues of material fact regarding the application of the "insolvency of the manufacturer" exception to the sealed container defense.  First, given the involuntary conversion of Krause from a Chapter 11 reorganization to a Chapter 7 liquidation upon the representations of the creditors noted above, there is a genuine issue as to whether the effect of the bankruptcy order was a judicial declaration of insolvency based on a finding that Krause was unable to pay its debts as they become due in the ordinary course of business.  The clear import of the court's actions supports such a finding.

Second, despite Home Depot's argument to the contrary, there is no indication that the availability of insurance proceeds to

satisfy a judgment against the manufacturer has any bearing on the application of the sealed container defense.  The plain language of the statute makes no mention of insurance proceeds and does not suggest that insurance proceeds should be considered by the court in any way in determining the application of the statute.[7]  Even if the court were to consider the availability of insurance proceeds in this case, there are genuine issues of material fact as to whether there will be sufficient insurance available to plaintiffs to satisfy any judgment they might obtain against the manufacturer.  To conclude otherwise would be sheer speculation.

The only evidence of insurance coverage presented by Home Depot is an affidavit from Krause's insurer, St. Paul, which lists the aggregate limit of the policy as $4 million dollars, with a $2 million dollar per occurrence limit. (Paper No. 149, Exh. E).  As Home Depot acknowledges, however, the available insurance coverage decreases as claims are made against the

---

[7] The only case cited by Home Depot to support its argument that the availability of insurance proceeds negates the application of the exception is Liesener v. Welso, Inc., 775 F. Supp. 857 (D. Md. 1991).  Liesener is not instructive in this case as the issue there was the application of a different exception to the sealed container defense, that is, that the claimant would not be able to enforce a judgment against the product manufacturer.  While the court noted that the availability of insurance proceeds undermined plaintiff's argument, the court ultimately did not accept, on evidentiary grounds, an affidavit of counsel about statements made during the litigation concerning assets or insurance coverage of the manufacturer.  Id. at 860.

13

policy.  (Paper No. 150, Exh. 10).  As of October 19, 2005, well over a year ago, there were fourteen claims that could potentially diminish the insurance available to satisfy any judgment in favor of plaintiffs in this case.  Id.  There is no evidence in the record as to the current status of the policy limits.  Given these facts, it is impossible to conclude, as Home Depot urges, that there will be sufficient insurance proceeds available to satisfy any judgment plaintiffs may here obtain.

II.  Conclusion

For the foregoing reasons, the court concludes that genuine issues of material fact exist which preclude the granting of summary judgment for Home Depot.  Accordingly, the Motion for Summary Judgment of Defendant Home Depot U.S.A., Inc. (Paper No. 149) is DENIED.  A separate order shall issue.


January _11_, 2007                         /s/
                                    _____
                                    Beth P. Gesner
                                    United States Magistrate Judge